## UNWARRANTED REQUIREMENT AS TO SIDEWALK.

Common Pleas Court of Hamilton County.

LOUISA F. BOWLER LIVINGSTON v. CITY OF CINCINNATI, AND IRA
D. WASHBURN, AUDITOR OF CINCINNATI.

Decided, January 27, 1913.

*Municipal Corporations—Arbitrary Use of the Police Power—In Requiring that a Sidewalk be Changed from Brick to Cement—"The End Justifies the Means" not a Principle of Law.*

Where a brick sidewalk substantially complied with the law at the time it was laid, and is now adequate and with the exception of a few minor details, which may be easily remedied at small cost, a resolution of counsel which seeks to compel the abutting owner. to change the brick walk to one made of cement is an arbitrary use of the police power of the municipality and may be enjoined.

*Pogue, Hoffheimer & Pogue,* for plaintiff. .
*O. S. Bryant,* Assistant City Solicitor, contra.

DICKSON, J.

The plaintiff complains that the defendant, a municipal corporation, has by its council, by resolution, ordered her to pave the sidewalk in front of her certain premises with cement its full width, and has threatened that if she does not comply with this resolution the city will build said sidewalk and that its cost will in due course be a lien upon her premises; that she has been served with due notice, etc., and that she has refused to obey. She says that the sidewalk now in front of her premises is paved with brick, its full width, in a substantial manner, is in good condition and adequate; that the sole purpose of the resolution is to change from brick to cement, and has asked this court to enjoin the defendants from carrying out their threat, and thus clouding her title.

The defendants admit all the formal matters plead, and say in substance and effect that they will do as threatened, unless restrained by the court.

The issues raised by the pleadings and the evidence are:

Is the brick walk there of full width, substantial, in good condition and adequate?  Is the sole object of the resolution to change from brick to cement, and has a municipality the right to compel a land owner at his own expense to change an adequate walk to another walk?

The court from the evidence find that the walk substantially complied with the law at the time it was laid, that it is now adequate, and that with the exception of a few minor details it complies with all the requirements of the municipality, except as to material, and that these minor details can be easily remedied and at small cost.

The sidewalk there now was laid at the expense of the plaintiff. To require her to wrongfully pay for another sidewalk would be contrary to the Constitution. Private property shall ever be inviolate, but subservient to the public welfare.

The public welfare is protected under the police power, and such power can be used only to guard the health, the morals and safety of a community, and such power can never be used arbitrarily.

A brick sidewalk properly constructed and properly maintained can not injuriously affect either the health, or the safety or the morals of a community.

The resolution requiring the plaintiff to change the brick to a cement walk is an arbitrary use and abuse of the police power of the municipality and is therefore void, and the prayer for a permanent injunction will be granted, and an order for a permit to make the necessary repairs will be granted.

The purpose of this resolution no doubt was to cause all sidewalks in a certain vicinity to be uniform and to require cement because more pleasing to the eye and use—undoubtedly an end to be desired; but the common council, in whose keeping are the health, safety and morality of the community, may never use unlawful means to accomplish any end, and should never forget that government can not exist if unlawful means are taken for lawful ends. It is never good to break the law to enforce the law. Any such rule is that of might and not right, and must end in revolution. A court can not recognize as a principle of law that the end ever justifies the means.